UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**SHANTELL LEWIS,**

**Plaintiff,**

v.                                                            **Case No. 6:25-cv-708-CEM-LHP**

**JASON LESLIE and ORANGE
COUNTY SHERIFF'S
DEPARTMENT,**

**Defendants.**

_____/

## ORDER

THIS CAUSE is before the Court on Defendant Orange County Sheriff's Department's Motion to Dismiss (Doc. 21) and Defendant Jason Leslie's Motion to Quash Service and Dismiss Complaint (Doc. 22). (Collectively, "Motions to Dismiss"). The United States Magistrate Judge issued a Report and Recommendation ("R&R," Doc. 46) recommending that both motions be granted in part and denied in part. Plaintiff filed Objections (Doc. 47) to which Defendants Filed a consolidated Response (Doc. 48).[1] This cause is also before the Court on

---

[1] Plaintiff also filed a document he labeled as "Objections to Document 48. (Response by the Defendants)," which is an unauthorized reply. *See* M.D. Fla. R. 3.01(e) ("Except for a reply to a motion for summary judgment or a reply brief in a social security action, no party may reply without leave."). This document will be stricken. The Court need not strike Plaintiff's previously-filed unauthorized replies (Doc. Nos. 37, 39, & 42) because the relevant motions have already been

Plaintiff's Motion for Public Access, Face to Face Conference with Judge Mendoza ("Motion for Conference," Doc. 43), to which neither Defendant responded. For the reasons set forth herein, the R&R will be adopted; the Motions to Dismiss will be granted in part and denied in part; and the Motion for Conference will be denied.

## I. MOTIONS TO DISMISS AND R&R

Plaintiff brings claims pursuant to 42 U.S.C. § 1983 against the Orange County Sheriff's Department ("OCSD") and an individual deputy, Jason Leslie, for alleged violations of the First, Fourth, Fifth, Eighth, and Fourteenth Amendments, and 18 U.S.C. § 242. (Compl., Doc. 9, at 3). The R&R determined that OCSD is not a legal entity subject to suit, and therefore, the claims against it should be dismissed with prejudice. (Doc. 46 at 4–5). It also determined that Plaintiff failed to properly effectuate service on Deputy Leslie. (*Id.* at 6–10). Additionally, in deciding whether Plaintiff should be given leave to amend, the R&R addressed whether amendment would be futile. (*Id.* at 13). In doing so, the R&R set forth things that Plaintiff must do and is not permitted to do in any amended complaint. (*Id.* at 17).

Pursuant to 28 U.S.C. § 636(b)(1), when a party makes a timely objection, the Court shall review *de novo* any portions of a magistrate judge's R&R concerning specific proposed findings or recommendations to which an objection is made. *See*

---

ruled on. However, in the future, any unauthorized replies will be summarily stricken and not considered.

*also* Fed. R. Civ. P. 72(b)(3). *De novo* review "require[s] independent consideration of factual issues based on the record." *Jeffrey S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990) (per curiam). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Plaintiff's Objections are somewhat difficult to follow. First, he argues that the Magistrate Judge "clearly saw that . . . Plaintif[f's] complaint stated a violation." (Doc. 47 at 1). The Magistrate Judge made no such finding. To the contrary, the R&R notes that Plaintiff's Complaint is "confusingly pleaded," (Doc. 46 at 12), that some of his claims would "likely be barred under the *Younger* abstention doctrine," (*id.* at 16),  and that Plaintiff "may not use [18 U.S.C.] § 242 as a basis for a § 1983 claim in an amended complaint" because it "does not provide a basis for civil liability," (*id.* at 17 (quotation omitted)). Additionally, to the extent Plaintiff is referring to the Magistrate Judge's Order granting Plaintiff leave to proceed *in forma pauperis*, she explicitly stated that it "shall not be construed as finding that Plaintiff's complaint states a claim upon which relief may be granted." (June 20, 2025 Order, Doc. 10, at 2 n.1).

Next, Plaintiff argues that OCSD is the proper party to sue. Most of the authority cited by Plaintiff stands for the proposition that, in certain cases, the sheriff in his or her official capacity can be held liable under § 1983. This is true and

consistent with the R&R. (Doc. 46 at 5 ("[T]he proper party is the sheriff in his or her official capacity.")). But Plaintiff has not sued the sheriff, nor has he provided any legal authority that addresses this issue. To the contrary, and as the abundance of case law cited by the R&R makes clear, OCSD is not a legal entity subject to suit. (*Id.* at 4); *see also Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) ("Sheriff's departments and police departments are not usually considered legal entities subject to suit.").

As to the service on Deputy Leslie, Plaintiff relies on section 48.111 of the Florida statutes. But that statute addresses service of "[p]rocess against any municipal corporation, agency, board, or commission, department, or subdivision of the state or any county which has a governing board, council, or commission or which is a body corporate" and "[p]rocess against any public agency, board, commission, or department not a body corporate or having a governing board or commission." It does not address service of individuals.

Plaintiff also responds to other arguments made in the Motions to Dismiss, but the R&R did not address those arguments because the Complaint was due to be dismissed on other grounds and Plaintiff is being given leave to amend. Therefore, the Court need not address them here. Plaintiff's Objections will be overruled, the R&R will be adopted, and the Complaint will be dismissed with leave to amend.

## II.  MOTION FOR CONFERENCE

In his Motion for Conference, Plaintiff complains that his filings are not docketed on the same day he files them with the Clerk's office. To be clear, Plaintiff's filings are time and date stamped at the time they are delivered to the Clerk's office. But, due to administrative constraints, they may not appear on the electronic docket immediately. Federal Rule of Civil Procedure 79(a) directs the Clerk to keep the civil docket "in the form and manner prescribed by the Director of the Administrative Office of the United States Courts [("AO")] with the approval of the Judicial Conference of the United States." The Clerk's office's policies on docketing paper filings is consistent with AO guidance. There has been no undue delay in docketing Plaintiff's filings. The Motion for Conference will be denied.

## III.  CONCLUSION

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1.  Plaintiff's Objections (Doc. 47) are **OVERRULED**.

2.  Plaintiff's Objections to Document 48 (Doc. 49) is **STRICKEN**.

3.  The Report and Recommendation (Doc. 46) is **ADOPTED** and made a part of this Order.

4.  Defendant Orange County Sheriff's Department's Motion to Dismiss (Doc. 21) and Defendant Jason Leslie's Motion to Quash Service and

Dismiss Complaint (Doc. 22) are **GRANTED in part** and **DENIED in part**.

    a. Service of Process as to Defendant Jason Leslie in his individual capacity is **QUASHED**.

    b. The claims against Defendant Orange County Sheriff's Department are **DISMISSED with prejudice**.

    c. The Complaint (Doc. 9) is otherwise **DISMISSED without prejudice**.

    d. The Motions are otherwise **DENIED**.

5. Plaintiff's Motion for Conference (Doc. 43) is **DENIED**.

6. **On or before July 8, 2026**, Plaintiff may file an Amended Complaint that fully complies with this Order and the Report and Recommendation.

7. **Also, on or before July 8, 2026**, Plaintiff may submit updated USM 285 Forms if he wants the U.S. Marshal to serve his Amended Complaint. If he does so, the U.S. Marshal is directed to serve Defendant Jason Leslie in his individual capacity at the address provided by Plaintiff on the USM 285 Form. Plaintiff is also directed to note whether any other Defendants are sued in their individual or official capacities on the USM 285 Form. Otherwise, Plaintiff shall

effectuate service of process on any Defendants identified in any Amended Complaint in accordance with the Federal Rules of Civil Procedure.

**DONE** and **ORDERED** in Orlando, Florida on June 17, 2026.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party